UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | | |
|---|---|---|---|
| AARON K. MOORE | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 2:97-CR-14-JRG-1 |
| | ) | | 2:16-CV-109-JRG |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM OPINION**

Before the Court now is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 30]. Petitioner, through counsel, bases his request for relief on the United States Supreme Court case *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague [*Id.*]. Respondent agrees Petitioner is entitled a reduction in sentence [Doc. 32] and both parties urge the imposition of a revised term of incarceration and supervised release [Docs. 32, 33]. For the reasons stated below, the petition to vacate sentence [Doc. 30] will be **GRANTED** and Petitioner's sentence will be **CORRECTED** to 120 months' incarceration followed by three years' supervised release.

I.   **BACKGROUND**

On January 8, 1997, Petitioner got into an argument with another individual at a bar in Johnson City, Tennessee [Presentence Investigation Report ("PSR") ¶ 10]. After being struck by that individual, Petitioner left the bar and took a taxi to a Wal-Mart where he purchased a box of .25 caliber pistol cartridges [*Id.*]. Petitioner then took a taxi back to the bar and shot the

individual who struck him in the neck with a .25 caliber pistol [*Id.*]. Based on the above, he later pled guilty to possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) [Doc. 16].

The United States Probation Office deemed Petitioner to be an armed career criminal under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), and subject to that provision's 15 year mandatory minimum as a result of two prior Tennessee convictions for selling cocaine, one prior Tennessee conviction for aggravated assault, and one prior Tennessee conviction for retaliating against a law enforcement witness by threatening to shoot him [PSR ¶ 37, 48, 50, 51]. The Court agreed and, on August 14, 1997, sentenced petitioner 188 months' imprisonment followed by five years' supervised release [Doc. 24].[1] No appeal was taken, and the judgment became final on August 28, 1997. *See Sanchez Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (an unappealed judgment of conviction becomes final when the time for filing a direct appeal has elapsed); Fed. R. App. P. 4(b)(1)(A)(i) (1997) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14-days after . . . the entry of . . . judgment."); Fed. R. App. P. 26(a)(2) (1997) (excluding weekends and holidays).

Over eighteen years later—on May 3, 2016—Petitioner filed the instant petition alleging he is no longer an armed career criminal in light of *Johnson* [Doc. 30]. The United States responded in support of collateral relief [Doc. 32], both parties agreeing that the sentence should be corrected to 120 months' incarceration followed by three years' supervision [Docs. 32, 33].

## II. TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes

---

[1] Petitioner's federal sentence was ordered to run consecutive to a separately imposed state sentence. Petitioner began serving his federal sentence in 2011 and, to date has served 60 months in prison and earned approximately 7 months of good time credit [Doc. 32 p. 2; Doc. 33].

2

final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, No. 15-6418, 2016 U.S. LEXIS 2451, at *16 (U.S. Apr. 18, 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). As such, the portion of the petition raising *Johnson* as grounds for relief falls safely within the one-year period for requesting relief [Doc. 30].[2]

   1.   **STANDARD OF REVIEW AND ANALYSIS**

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of

---

[2] The Court finds that it need not address whether the parallel challenge to continued categorization of Petitioner's September 14, 1995 conviction for sale of cocaine as a serious drug offense is independently timely due to the fact that the United States has expressly waived its right to rely on the statute of limitations to preclude review of that ground [Doc. 31 pp. 3–4 ("[I]n the interests of justice, the United States expressly waives reliance on the § 2255 limitations period with respect to [P]etitioner's [serious drug offense] claim.")].

3

fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### III. ANALYSIS

The ACCA mandates a 15-year minimum sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "serious drug offense" as any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Act goes on to define "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). Only the third portion of the above definition—the residual clause—was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses.

*Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015). Nor does *Johnson* disrupt the use of a defendant's prior serious drug offenses as an independent form of ACCA predicate conviction. *See e.g.*, *United States v. Smith*, No. 10-CR-20058, 2015 U.S. Dist. LEXIS 132307, at *34–35 (E.D. Mich. Sept. 20, 2015) (noting that *Johnson* does not affect a defendant's categorization as an armed career criminal based on his or her prior serious drug offenses).

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "serious drug offenses" under § 924(e)(2)(A) or, in alternative, "violent felonies" under one of the unaffected provisions of § 924(e)(2)(B). *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the now-defunct residual clause).

Two of Petitioner's four predicate offenses were for Sale of a Schedule II Substance—a Range I offense—and Retaliation for Past Action [PSR ¶¶ 37, 18, 50, 51; Doc. 30-1]. The former conviction cannot be categorized as a serious drug offense because the variant of which Petitioner was convicted—a Range I offender, Class C Felony—carries a maximum punishment of six, not ten, years' imprisonment [Doc. 30-1]. *See* Tenn. Code Ann. § 40-35-112(a)(3) (1995) (explaining Class C Felony, a Range I sentence is subject to "not less than three nor more than six years' imprisonment). As such, the Court finds that it was error to originally categorize Petitioner's September 14, 1995 drug offense as a serious drug offense under § 924(e) and that the offense can no longer be relied on as support of enhancement.[3]

---

[3] Petitioner's conviction for selling cocaine on June 20, 1995 was properly deemed a serious drug offense under the ACCA because Petitioner was a Range II offender for that offense [Doc. 30-2] and, thus, faced a statutory penalty range of "not less than six nor more than ten years" of imprisonment. Tenn. Code Ann. § 40-35-112(b)(3) (1995).

The latter conviction—Retaliation for Past Action—similarly fails to provide a basis for continued categorization as an armed career criminal. At the time, the offense was defined as follows:

> (a)(1) A person commits the offense of retaliation for past action who harms or threatens to harm a witness at an official proceeding, judge, district attorney general, an assistant district attorney general, an employee of the district attorney general or a law enforcement officer, clerk, juror or former juror, or a family member of any such person, by any unlawful act in retaliation for anything the witness, judge, district attorney general, assistant district attorney general, employee of the district attorney general or law enforcement officer, clerk, or juror did in an official capacity as witness, judge, district attorney general, assistant district attorney general, employee of the district attorney general or a law enforcement officer, clerk, or juror. The offense of retaliation for past action shall not apply to an employee of a clerk who harms or threatens to harm the clerk.
>
> (a)(2) For purposes of subdivision (a)(1), "family member" means the spouse, parent, grandparent, stepmother, stepfather, child, grandchild, brother, sister, half-brother, half-sister, adopted children of the parent, or spouse's parents.
>
> (b) A violation of this section is a Class E Felony.

Tenn. Code Ann. § 39-16-510 (1990). The Tennessee Criminal Code went on to define "harm" to mean "anything reasonably regarded as loss, disadvantage, or injury, including harm to another person." Tenn. Code Ann. § 39-11-106(a)(17) (1990).

As an initial matter, the Court notes that Tennessee Retaliation for Past Action does not include variant elements, versions of the offense and thus cannot be treated as a divisible statute for purposes of *Descamps*. Further, the offense is not listed among the enumerated offenses contained in § 924(e). Because the indivisible statute defines "harm" to include more than the use of "violent physical force," a conviction thereunder cannot be categorized as a predicate violent felony under the ACCA's use-of-physical-force clause. *See United States v. Barnett*, 540 F. App'x 532, 536–37 (6th Cir. 2013) (citing *Descamps* and explaining that a statute only meets

6

the first subcategory of violent felony under the ACCA where violations categorically require the use or attempted use of violent physical force). That the provision can be violated by way of reckless conduct, *see* Tenn. Code Ann. § 39-11-301 (noting offenses that lack a mental state may be accomplished intentionally, knowingly, or recklessly), independently precludes categorization under the use-of-physical-force clause. *See United States v. McMurray*, 653 F.3d 367, 375-76 (6th Cir. 2011) ("[T]he 'use-of-physical-force' clause . . . requires more than reckless conduct").

Based on the foregoing, the *Johnson* decision dictates that neither the September 14, 1995 drug conviction nor Retaliation for Past Action conviction is capable of supporting Petitioner's continued designation as an armed career criminal. As a result, his 188 month term of imprisonment and five years' supervised release for the gun offense [Doc. 24] exceeded his maximum authorized sentence as a non-ACCA offender under § 922(g)(1) by 68 months' incarceration and two years' supervised release. *See* 18 U.S.C. § 924(a)(1)(D)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than [ten] years."). The Court thus finds that Petitioner has demonstrated a clear entitlement to relief.

Where a § 2255 claim has merit, district courts have the discretion to choose between discharging the petitioner, resentencing the petitioner, correcting the petitioner's sentence, or granting the petitioner a new trial. 28 U.S.C. § 2255(b). Post-*Johnson* Petitioner can still be attributed with one prior crime of violence and one prior controlled substance offense—aggravated assault [PSR ¶ 50], and possession of a controlled substance with intent to sell [*Id.* ¶ 48].[4] His base offense level of 24 under Section 2K2.1(a)(2) [*Id.* ¶ 19], would have been

---

[4] Section 4B1.1 classifies a defendant as a career offender subject to guidelines enhancement if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he or she has at least two prior felony

7

increased to 28 under Section 2A2.1(a)(1) due to possession of the firearm in connection with an attempted murder [*Id.* ¶ 28], and resulted in a total offense level of 29 after a four-level enhancement for infliction of permanent or life-threatening bodily injury on his victim and three-level reduction for acceptance of responsibility [*Id.* ¶¶ 29, 34–36]. That total offense level would have yielded a guidelines range of 151 to 188 months' imprisonment when combined with Petitioner's criminal history category of VI [*Id.* ¶ 58]. In light of § 922(g)'s 120-month statutory maximum, both parties agree that a corrected sentence of 120 months' incarceration followed by three years' supervised release satisfies the factors outlined in 18 U.S.C. § 3553 [Docs. 32, 33]. The Court agrees, and thereby finds correcting the sentence to be the most appropriate form of relief. *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("[I]n cases were the sentence (but not the conviction) is infirm, only the 'resentenc[ing]' or 'correct[ing] the sentence' options are open to the district court, since a prisoner should never be 'discharge[d]' or 'grant[ed] a new trial' based solely on a defective sentence.").

## IV. CONCLUSION

For the reasons discussed above, the § 2255 petition [Doc. 30] will be **GRANTED** so far as it seeks *Johnson*-based relief. As such, the sentence dated August 14, 1997 [Doc. 24] will be **CORRECTED** to reflect a revised term of 120 months' incarceration followed by three years'

---

convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Manual § 4B1.1(a).
"Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

supervised release consistent with Petitioner's exposure under 18 U.S.C. § 924(a)(1)(D)(2). Further, the Clerk's Office will be **DIRECTED** to prepare an amended judgment to that effect.

    **AN APPROPRIATE ORDER WILL ENTER.**

          s/J. RONNIE GREER
    UNITED STATES DISTRICT JUDGE